■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALVIN JACKSON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 21, 1972, convicting him of assault in the second degree and possession of a dangerous weapon as a felony, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial granted. During the prosecutor's summation he described defendant as "the kingpin of South Jamaica" and, in order to bolster the credibility of the People's witness who had testified he was the victim of the assault in question, stressed at length the risk of physical reprisal to which this witness

had exposed himself by testifying. There was no basis in the record for these statements. In view of the fact that the People's entire case rested upon the credibility of this witness, we are of the opinion that these comments deprived defendant of a fair trial (*People* v. *Mezzapella*, 19 A D 2d 729; *People* v. *Damon*, 24 N Y 2d 256, 259; *People* v. *Webb*, 23 A D 2d 893). At the new trial the "UF–61" police report sought to be introduced into evidence by defendant should be admitted into evidence if it indicates that the source of the information contained in it was the complaining witness. The fact that the officer who recorded the entry was not the officer who obtained the information does not impair the admissibility of the report under the business record rule. If the complaining witness was the source of the information it should have been admitted in evidence as a statement inconsistent with his testimony at the trial that he had immediately identified defendant as the perpetrator (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4518.02, subd. [5], par. 4518.11). Shapiro, Acting P. J., Gulotta and Christ, JJ., concur; Brennan and Benjamin, JJ., dissent and vote to affirm.