■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES W. HAYES, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered October 1, 1982, upon a verdict convicting defendant of two counts of the crime of operating a motor vehicle while under the influence of alcohol. Defendant was convicted of violating both subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law; each conviction was a felony. Since the jury obviously chose to credit the more than amply substantiated testimony of the arresting officer that defendant was intoxicated while operating his car, rather than defendant's testimony that he had but one beer and that the officers involved were for the most part lying, the contention that the verdict is against the weight of the evidence must necessarily be rejected. While we are also unable to agree with defendant's suggestion that errors sufficient to warrant reversal occurred during the trial or that the sentence was harsh and excessive, defendant's challenge to the admissibility of various documents attesting to the accuracy of the breathalyzer machine and the composition of the solutions used during the administration of the breathalyzer test merits comment. Through the custodian of records of the Elmira Police Department, and over defendant's objection, the prosecution introduced into evidence documents, issued by the New York State Division of Criminal Justice Services, certifying that the breathalyzer machine both 14 months before and one month after defendant's arrest was operating accurately when it was tested by the division. Also, documents were introduced certifying that the ampoules and solutions used in this test were analyzed and verified by the New York State Police laboratory. Defendant's claim is that, inasmuch as these documents were not prepared by any representative of the Elmira Police Department and they were the only officers to testify regarding their receipt into evidence, the documents were inadmissible. It is urged that these documents are not records of the Elmira Police Department and that to lay a proper

---

foundation for their admission, testimony from a member of the department which prepared the documents was essential. For a business record to be admissible, it must be (1) made in the regular course of any business, (2) the regular course of such business to make it, and (3) made at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter (CPLR 4518). The records were admissible as the records of the Elmira Police Department because, although the mere filing of papers received from others does not satisfy the element of trustworthiness on which the business record exception to the hearsay rule is based (*Burgess v Leon's Auto Collision,* 87 Misc 2d 351, affd 91 Misc 2d 128), here the authenticator did more than that; it was his duty as custodian of the department's records to maintain these records for the Elmira Police Department. Furthermore, had the test results come directly from the Division of Criminal Justice Services, they would have been admissible under CPLR 4518 (subd [c]) without authenticating testimony because they bore the certification of a department of the State (see *Kay v United States,* 255 F2d 476, 480-481, cert den 358 US 825; *People v Mack,* 86 Misc 2d 364, 367; *Matter of Kevin G.,* 80 Misc 2d 517, 518). Considering the established reliability of breathalyzer equipment and procedures and the universal acceptance of the test, testimony of someone from the division, a State agency, is not necessary to insure the trustworthiness of documents similar to those which were admitted in this instance every time the prosecution attempts to introduce a breathalyzer test result into evidence (see *People v Gower,* 42 NY2d 117, 121-122). Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.