■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY HENSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County (Sangiorgio, J.), rendered February 15, 1983, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Appellant and one Richard Astwood, while acting in concert, attacked, beat, threatened with a gun, and stole a large sum of money from one Frank Lenahan. As a result of their acts, both were convicted of robbery in the first degree, after a joint jury trial in Richmond County. Among the issues raised by appellant for our review is whether the court abused its discretion on certain evidentiary rulings which excluded two documents from admission into evidence. The first of these documents was a UF-61 police report which concerned an interview conducted with the complainant. The report was apparently prepared on the basis of information supplied by one Officer Pellino, based upon information which Pellino received from Officer Trachta, who interviewed complainant. The UF-61 indicated that complainant told Officer Trachta that he would not look at photographs and that he could not make an identification. The defense wanted to admit the document during the testimony of Officer Trachta for use as a prior inconsistent statement made by complainant, who testified at trial that defendants were previously known to him as he had seen them around the neighborhood prior to the date of the incident.

Officer Trachta testified that he did not prepare the UF-61 and had never seen it until the morning of his testimony. He had no independent recollection of any conversation between himself and complainant in which complainant indicated that he could not make an identification, and the UF-61 did not refresh his recollection. Similarly, complainant, in his own testimony, admitted that at first he was reluctant to make an identification, but he denied ever having stated that he was unable to make the identification.

The court agreed with the prosecutor's argument that the document could not be admitted without the testimony of Officer Pellino, and held that a proper foundation had not been laid for its admission. We agree.

An important factor in evaluating the appropriateness of the court ruling was that Officer Pellino was apparently available as a witness for the defense, having been on telephone alert at the court's own request since the day prior to the exclusion of the UF-61 from evidence. It therefore appears that the defense, out of some trial strategy, specifically chose not to call the officer as a witness. He cannot now be heard to complain about his failed trial strategy. We note that counsel was able to convey the information contained within the UF-61 to the jury during the cross-examination of complainant. Thus, the jury had the information and was free to make a determination of credibility. Under the circumstances, the court did not abuse its discretion when it excluded the document from evidence. In any event, defendant suffered no prejudice as a result of its exclusion (see, People v Adams, 72 AD2d 156, affd 53 NY2d 1, cert denied 454 US 854).

The second item which the court excluded from evidence was a record book of a bar which defendant claims he was in the day of the incident. The record book was offered to support an alibi defense, as evidence the defendant paid a bar tab on the day in question. The bar employee who made the record entries testified that normally she does date the bills, but that she did not follow her usual procedure in this case. She admitted that there was no indication in the book as to the date the bills were marked paid. We find that the court properly sustained the objection to the admission of the bar document because it was not a proper business record, since normal procedures were not followed (see, CPLR 4518; People v Hayes, 98 AD2d 824). The evidentiary rulings were correct and present no basis for a reversal of the conviction.

The other contentions raised by defendant have been exam-

ined and found to be meritless. Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.