■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO MAISONAVE, Appellant.

The charges arise out of a shooting which occurred outside a bar in Ridgewood, Queens, in May 1985. The defendant entered the bar at approximately 3:00 A.M., with a gun, looking

for a person with whom he had previously had either an argument or a scuffle. He waived the gun at the bartender. The bartender's adult son intervened and was shot twice in the process. A second man grabbed the defendant in an attempt to disarm him and was also shot in the ensuing struggle.

Statements given on the day after the shooting by the bartender, the two victims and another witness to the investigating police officer, Detective Otto, and recorded by him in his written reports, differed from the trial testimony of these witnesses. When the defense counsel questioned the witnesses during the trial about their prior inconsistent statements, as contained in the police reports, the witnesses either disavowed the earlier versions of the incident or attempted to clarify them so as to indicate that they were consistent with their trial testimony. The defense counsel attempted to put the police reports into evidence but was unsuccessful because the trial court ruled that without the presence of Detective Otto, who was on terminal leave from the police department awaiting retirement and had not been called as a witness by the People, no proper foundation existed for the introduction of the reports. At the defendant's request a judicial subpoena was served on Detective Otto's former commanding officer and he, the trial court, the court clerk and defense counsel made numerous attempts to locate Detective Otto during the week-long trial. The court granted one continuance in an effort to secure the detective's attendance but still he could not be found.

The defendant contends that the court should have done more to hail the missing detective into court and in view of his nonattendance the defendant should have been permitted to introduce his written reports. A review of the record reveals, however, that the court did all that could reasonably have been done under the circumstances. Moreover, it is well settled that the decision as to whether to grant or deny an adjournment for any purpose is a matter resting within the sound discretion of the trial court (see, People v Singleton, 41 NY2d 402, 405; People v Oskroba, 305 NY 113, 117, rearg denied 305 NY 696). An adjournment must be granted where it is shown that a material witness can be identified, is within the court's jurisdiction, and the movant has demonstrated diligence and good faith in attempting to secure his or her attendance (People v Foy, 32 NY2d 473; People v Jackson, 111 NY 362, 367). In the case at bar the detective was not a material witness and it could not be said with certainty where

he was in fact located. The court granted one continuance for the purpose of attempting to secure his attendance and it cannot be said that the decision not to grant a further continuance was an improvident exercise of discretion.

It must also be noted that the defense attorney failed to avail himself of other available methods for laying a foundation to introduce the reports into evidence. It is well settled that police reports cannot be placed into evidence under the business records exception to the hearsay rule unless the declarant is under a duty to make the statement to the recording police officer *(see, Murray v Donlan,* 77 AD2d 337, 343-346). The police report is admissible, however, for proof that the statement was made *(Murray v Donlan, supra; see also,* Richardson, Evidence § 299 [Prince 10th ed]). The statement itself could then be admitted for its truth and content if it fit under another hearsay exception. What is necessary is the testimony of a police official with direct knowledge of the recording police officer's duty to fill out the police report in the ordinary course of police business. By failing to call such a police official (for example, Detective Otto's commanding officer), the defense attorney failed to lay a proper foundation and the trial court's refusal to allow the police reports into evidence without a foundation was correct *(see, People v Henson,* 113 AD2d 954, *lv denied* 66 NY2d 764).

In any event it must be noted that the defense attorney read from the police reports almost verbatim and, after being admonished for doing so, paraphrased the prior inconsistent statements while cross-examining each prosecution witness. Therefore, even if the trial court's rulings against the admission of the reports had been in error, the defense was able to enjoy the benefits of the statements despite the fact that they were not put in evidence. The defendant's claim that he was deprived of a fair trial is therefore without merit *(see, People v Henson, supra).* Mollen, P. J., Mangano, Brown and Kunzeman, JJ., concur.