■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN TORRES, Appellant.—Judgment of the Supreme Court, New York County (Clifford A. Scott, J.), rendered on March 6, 1989, convicting defendant, after a trial by jury, of two counts of sodomy in the first degree, four counts of sexual abuse in the first degree and endangering the welfare of a child and sentencing him to two terms of imprisonment of 12½ to 25 years, four terms of 3½ to 7 years, and a definite term of one year, respectively, all to run concurrently, unanimously affirmed.

Viewing the evidence in a light most favorable to the People, it was sufficient to support charges of sodomy in the first degree. (Penal Law § 130.00 [2]; § 130.50.) There is no basis to support defendant's argument that the 10-year-old witness did not understand the common meaning of the term,

"private part", in referring to the defendant's penis. Furthermore, the child's testimony that, in spite of the difference in height, it was possible for defendant to commit sodomy while both he and the child were standing, was supported by the testimony of the expert witness.

Moreover, the verdict was not against the weight of the evidence. The child's testimony was consistent throughout, was confirmed by medical evidence, and was consistent with the expert testimony concerning child abuse syndrome. She never indicated that any of the attacks occurred when either her mother or her older brother were at home, which was consistent with their testimony that she was, at times, left alone with the defendant and her younger brothers. That both her mother and older brother were allegedly unaware of the attacks is irrelevant.

Defendant's contentions concerning the court's charge on the counts requiring forcible compulsion are not preserved for review and do not warrant review in the interest of justice. Moreover, were we to review them we would find that, although the charge was somewhat confusing, any errors were harmless in view of the overwhelming evidence of guilt.

Since there is no evidence that the jurors actually took notes during the supplemental charge, we decline to review in the interest of justice defendant's argument that the court erred in stating that they were permitted to do so. *(People v Elias,* 163 AD2d 230.)

The court properly refused to admit into evidence a police report allegedly containing a statement by the child's aunt. Defense counsel established, through the sergeant who prepared it, that the report was prepared in the normal course of business. However, since the statement itself was not made pursuant to a duty to relay the information, it was not admissible as a business record. *(See, People v Maisonave,* 140 AD2d 545, *lv denied* 72 NY2d 958.) Since the report was not admissible, it was clearly proper to refuse to permit the witness to read it to the jury.

In view of the nature of the crime and defendant's prior criminal record, which includes a rape conviction, defendant's sentence was not excessive.

We have examined defendant's remaining contentions and find they are both unpreserved and without merit. Concur—Kupferman, J. P., Sullivan, Carro and Smith, JJ.