THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS HENRY, Appellant. [748 NYS2d 2]

On the totality of the record before us, we find that defendant received meaningful representation (*see People v Ben-*

*evento*, 91 NY2d 708, 713-714). Defendant was not deprived of a fair trial when, while pursuing a competent strategy designed to challenge the credibility of a key police witness, trial counsel inadvertently opened the door to evidence of uncharged criminal activity, since this aspect of the evidence was a most logical focus of defense counsel's challenge (*see People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800). That the door might have been so opened was a reasonable risk under the circumstances.

The court properly refused to allow defendant to refresh the arresting officer's recollection regarding his route of pursuit of defendant by means of a data sheet that an Assistant District Attorney had prepared after interviewing a different officer, since the arresting officer at no time indicated that he needed his recollection refreshed on this subject. The court also properly refused to allow defense counsel to recall the other officer for purposes of establishing that the arresting officer had made a prior inconsistent statement, since it was never established that the arresting officer spoke with the other officer about the chase route prior to the preparation of the data sheet. Accordingly, defendant failed to lay the proper foundation for introducing the alleged prior inconsistent statement (*see People v Wise*, 46 NY2d 321, 326; *see also People v Duncan*, 46 NY2d 74, 80-81, *cert denied* 442 US 910). In any event, these rulings could not have deprived defendant of his right to confront witnesses and present a defense.

We decline to exercise our interest of justice jurisdiction to dismiss the noninclusory concurrent count (*see People v Spence*, 290 AD2d 223, 224, *lv denied* 97 NY2d 734; *People v Kulakov*, 278 AD2d 519, *lv denied* 96 NY2d 785).

We perceive no basis for a reduction of sentence. Concur—Nardelli, J.P., Saxe, Buckley, Ellerin and Marlow, JJ.