■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVERN STEWARD, Appellant. [864 NYS2d 488]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Honorof, J.), rendered November 10, 2005, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was convicted of selling crack cocaine to a confidential informant while he was under police surveillance. The confidential informant did not testify at the trial and an audiotape of the transaction was inaudible. The People's evidence consisted of the testimony of the detectives who had the confidential informant under surveillance and the confidential informant's grand jury testimony, which was admitted in evidence after a *Sirois* hearing (*see Matter of Holtzman v Hellenbrand,* 92 AD2d 405 [1983]). The defendant testified at the trial and denied the allegations against him.

The trial court ordered the *Sirois* hearing on July 21, 2005 af-

ter the prosecutor noted that the confidential informant told him the day before that he would not testify because he had been approached by a young black male on a bicycle who told him "Do not testify tomorrow. We know where your family lives," and his brother, who resembles him, was approached by a man who threatened to break his nose. The prosecutor further noted that the records of the defendant's telephone calls from jail indicate that the defendant made no telephone calls from July 10 through July 18, 2005; however, on July 19, the day the defendant learned the identity of the confidential informant and the day before the informant was threatened, "there are six phone calls that he makes to three different numbers." The prosecutor stated that two of the telephone calls were to "cell phones" and "we have names on others." Defense counsel acknowledged that the defendant had called the mother of his two children.

At the *Sirois* hearing, one of the detectives involved in the case testified that the confidential informant left a telephone message on his answering machine describing the threat by the young man on the bicycle. The detective further testified that the confidential informant spoke to him that morning to describe the threat to the informant's brother. The detective noted that an investigator from the Sheriff's Department left a telephone message that the defendant made no telephone calls from July 10, 2005 through July 18, 2005, and made six telephone calls on July 19, 2005. At the conclusion of the detective's testimony, the court ruled that the confidential informant's grand jury testimony was admissible in evidence at trial.

Later that day, defense counsel offered to produce the mother of the defendant's two children to confirm that one of the telephone calls was made to her. The prosecutor noted that there were six telephone calls to three telephone numbers, and identified the telephone numbers. The prosecutor further noted that one of the telephone numbers was a Verizon wireless "which we have not been as of yet been able to ascertain" but the other people were "males" or "at least one of them was a male." Defense counsel offered to identify the names corresponding with the telephone numbers, and the defendant stated that one of the three telephone numbers belonged to the mother of his children. The court denied the defendant's application to reopen the *Sirois* hearing.

The People's burden at the *Sirois* hearing was to "demonstrate by clear and convincing evidence that the defendant, by violence, threats or chicanery, caused a witness's unavailability"

(*People v Cotto,* 92 NY2d 68, 75-76 [1998]; *see People v Geraci,* 85 NY2d 359, 366 [1995]). The People submitted sufficient evidence that the confidential informant was threatened, through evidence of the confidential informant's out-of-court statements (*see People v Cotto,* 92 NY2d at 76). However, the People's proof was insufficient to link those threats to the defendant by clear and convincing evidence (*id.* at 76). There was no evidence of a prior history of coercion, and the defendant was incarcerated during the trial, limiting his opportunities to orchestrate the threats (*id.* at 76). The fact that the defendant made telephone calls to one or possibly two "males" from jail was insufficient to meet the People's heavy burden of proof. Further, under the circumstances of this case, the trial court, by refusing to reopen the *Sirois* hearing, deprived the defendant of his right to present evidence to refute the People's contention that the defendant was responsible for the threats (*see People v Johnson,* 93 NY2d 254 [1999]).

We further note that, although the defendant laid the proper foundation for the admission into evidence of a supplemental police report as a business record (*see* CPLR 4518; *People v DiSalvo,* 284 AD2d 547, 548 [2001]), or a prior inconsistent statement of one of the two detectives who had the confidential informant under surveillance (*see People v Duncan,* 46 NY2d 74, 80 [1978], *cert denied* 442 US 910 [1979]), the trial court improperly refused to allow its admission into evidence.

Under the circumstances of this case, these errors cannot be considered harmless (*see generally Perkins v Herbert,* 537 F Supp 2d 481 [2008]).

The defendant's remaining contentions need not be addressed in light of our determination. Skelos, J.P., Santucci, Balkin and Chambers, JJ., concur.