■    The People of the State of New York, Respondent, v Bryant Jackson, Appellant. [877 NYS2d 327]—

Judgment, Supreme Court, New York County (Carol Berkman, J., on motions; Charles H. Solomon, J., at suppression hearing; William A. Wetzel, J., at jury trial and sentence), rendered December 18, 2006, convicting defendant of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 20 years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. The hearing evidence, including the lineup photographs, establishes that the lineup was not unduly suggestive (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). Because all of the lineup participants were seated, height differences were sufficiently minimized. The lineup was not rendered suggestive by the fact that the victim described the robber as wearing a brown jacket or sweater, and defendant was the only lineup participant wearing a brown outer garment. This common article of clothing was not so distinctive as to unduly influence the identification (*see People v Gilbert*, 295 AD2d 275, 277 [2002], *lv denied* 99 NY2d 558 [2002]), particularly since the passage of nearly two weeks between the crime and the lineup would have reduced the significance of any similarity between an unremarkable garment worn by a lineup participant and one worn by the described suspect (*see People v Cruz*, 55 AD3d 365 [2008], *lv denied* 11 NY3d 924 [2009]).

The hearing court properly precluded defendant from using a complaint report prepared by a nontestifying officer to refresh the testifying officer's recollection of the victim's description of the robber's clothing, since the officer's recollection was clear and did not need to be refreshed (*see People v Henry*, 297 AD2d 585 [2002], *lv denied* 99 NY2d 559 [2002]). In any event, there was no prejudice to defendant, because the court, as trier of fact, was made aware of the contents of the report, and because the difference between the clothing descriptions in the report and the officer's testimony was insignificant with regard to the issue of suggestiveness.

We have considered and rejected defendant's remaining argument. Concur—Gonzalez, P.J., Tom, Sweeny, Buckley and Acosta, JJ.