■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENROY MULLINGS, Appellant. [921 NYS2d 152]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Konviser, J.), rendered September 29, 2008, convicting him of robbery in the second degree (two counts) and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the defendant's conviction of robbery in the second degree relating to the incident of February 1, 2007, and the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on that count.

The charges arise out of two separate incidents that occurred on February 1, 2007, and February 2, 2007, respectively, each involving an attack on a high school student walking home alone after school. The defendant was identified as one of the assailants of the attack which took place on February 2, 2007, but the complainant from the attack of February 1 (hereinafter the February 1 complainant) could only identify a distinctive white jacket worn by an individual he saw fleeing with his back pack. While the February 1 complainant testified that in his statement to the responding police officers, he gave a description of the white jacket, the police report prepared by the officers contained no such description. Finding that the police report and its contents were inadmissible hearsay, the Supreme Court precluded defense counsel from calling the recording officer as a witness for the defense to adduce testimony regarding the contents of the report, and curtailed her cross-examination of the officer who subsequently received a copy of the report. We agree with the defendant that preclusion of the evidence deprived him of a fair trial with regard to the attack of February 1, 2007.

A police report should be admitted into evidence where, as here, "it indicates that the source of the information contained in it was the complaining witness," and that information is inconsistent with the testimony of the complaining witness (*People v Jackson*, 40 AD2d 1006, 1007 [1972]; *see People v Steward*, 54 AD3d 880, 882 [2008]; *People v Moore*, 193 AD2d 627, 628

[1993]). The police report was admissible "for proof that the statement was made" (*People v Maisonave*, 140 AD2d 545, 547 [1988]; *see People v Steward*, 54 AD3d at 882), and the statement itself would have then been admissible as a prior inconsistent statement (*see People v Steward*, 54 AD3d at 882; *People v Maisonave*, 140 AD2d at 547; *People v Jackson*, 40 AD2d at 1007). The Supreme Court erred in precluding defense counsel from questioning the police officers about the report and the February 1 complainant's alleged prior inconsistent statement (*see People v Bishop*, 206 AD2d 884 [1994]; *cf. People v Brown*, 254 AD2d 57 [1998]). Contrary to the People's contention, the issue was preserved for appellate review (*see* CPL 470.05 [2]). The exclusion of this impeachment evidence was not harmless error, given the importance of the identification testimony, and since the proof of the defendant's guilt was not overwhelming with regard to the attack of February 1, 2007 (*see People v Moore*, 193 AD2d at 628). Accordingly, we must remit the matter to the Supreme Court, Kings County, for a new trial solely on the count of robbery in the second degree relating to the attack on February 1, 2007.

The defendant's challenges to certain remarks made by the prosecutor during his summation are unpreserved for appellate review, as the defendant "failed to object to the challenged remarks, registered one-word general objections, or, when an objection was sustained, failed to request further instructions or [timely] move for a mistrial" (*People v Gill*, 54 AD3d 965, 966 [2008]; *see* CPL 470.05 [2]; *People v Banks*, 74 AD3d 1214, 1215 [2010]; *People v Mitchell*, 68 AD3d 784, 785 [2009]). In any event, the challenged remarks were "responsive to defense counsel's summation, constituted fair comment on the evidence or inferences drawn therefrom, or [were not so egregious as to] deprive the defendant of a fair trial" (*People v Rudd*, 62 AD3d 729 [2009]; *see People v Banks*, 74 AD3d at 1215; *People v Dorgan*, 42 AD3d 505 [2007]).

"The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case" (*People v Ortega*, 114 AD2d 912, 912 [1985]; *see People v Ciminera*, 202 AD2d 684 [1994]; *People v Carter*, 143 AD2d 925, 926 [1988]). Here, we find no basis for disturbing the Supreme Court's determination to deny youthful offender status (*see People v Noboa*, 280 AD2d 558 [2001]; *People v Johnson*, 220 AD2d 775, 776 [1995]; *People v Vera*, 206 AD2d 494 [1994]). Dillon, J.P., Covello, Florio and Hall, JJ., concur.