*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 5, 2015                    518090
_____

THE PEOPLE OF THE STATE OF
    NEW YORK ex rel. ANTHONY
    VICKERY,

                    Appellant,

        v                                    MEMORANDUM AND ORDER

PATRICK GRIFFIN, as
    Superintendent of Sullivan
    Correctional Facility,
    et al.,

                    Respondents.
_____

Calendar Date:  December 2, 2014

Before:  Peters, P.J., Garry, Rose and Clark, JJ.

_____

        Anthony Vickery, Fallsburg, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Martin A. Hotvet of counsel), for respondents.

        James R. Farrell, District Attorney, Monticello (Katy Schlichtman of counsel).

_____

        Appeal from a judgment of the Supreme Court (LaBuda, J.), entered January 15, 2013 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

        Petitioner commenced this proceeding for a writ of habeas corpus alleging various constitutional violations in connection with his conviction of criminal sexual act in the first degree

and seeking release from prison.  Supreme Court dismissed the petition without a hearing and petitioner now appeals.

We affirm.  The record establishes that petitioner previously submitted an identical writ of habeas corpus, which Supreme Court dismissed on jurisdictional grounds, while also noting as an alternative ground for dismissal that petitioner's arguments could have been raised upon a direct appeal from the judgment of conviction or in a collateral motion, and this Court affirmed (People ex rel. Vickery v Walsh, 100 AD3d 1116 [2012]).  That prior decision is entitled to res judicata effect (see People ex rel. Lee v LaPaglia, 251 AD2d 834, 834 [1998], lv denied 92 NY2d 809 [1998]).  Furthermore, even if the issues raised by petitioner were substantiated, he would not be entitled to immediate release and, therefore, a writ of habeas corpus could not be granted (see id.).  Accordingly, we find no basis to disturb the dismissal of petitioner's application.

Peters, P.J., Garry, Rose and Clark, JJ., concur.


ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court