### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  December 17, 2015                520859
_____

THE PEOPLE OF THE STATE OF
    NEW YORK ex rel. SHALIEK
    CARTER,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

BRANDON J. SMITH, as
    Superintendent of Greene
    Correctional Facility,
                    Respondent.
_____


Calendar Date:  October 27, 2015

Before:  Peters, P.J., Lahtinen, Rose and Lynch, JJ.

                    _____


        Shaliek Carter, Coxsackie, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Owen Demuth
of counsel), for respondent.

                    _____


        Appeal from a judgment of the Supreme Court (Elliott, J.),
entered March 18, 2015 in Greene County, which dismissed
petitioner's application for a writ of habeas corpus, in a
proceeding pursuant to CPLR article 70, without a hearing.

        Petitioner was sentenced to 3½ years in prison following
his 2002 conviction of robbery in the second degree.[1]  In 2007,

_____

        [1]  Petitioner was resentenced in 2012 to the same 3½-year
prison term but the five-year period of postrelease supervision
that was administratively imposed by the Department of
Corrections and Community Supervision was removed.

petitioner was sentenced to a prison term of 13 years and five years of postrelease supervision following his conviction of attempted robbery in the first degree. Petitioner commenced this CPLR article 70 proceeding for habeas corpus relief asserting that, because he served three years of an illegally imposed period of postrelease supervision in connection with the 2002 conviction, his due process rights were violated and he is entitled to immediate release. Supreme Court dismissed the petition without a hearing and this appeal ensued.

We affirm. "Entitlement to immediate release from prison, which does not occur until the expiration of an inmate's sentence, is a prerequisite for habeas corpus relief" (People ex rel. Justice v Racette, 111 AD3d 1041, 1042 [2013], lv denied 22 NY3d 861 [2014] [internal quotation marks and citations omitted]; see People ex rel. Porter v Napoli, 56 AD3d 830, 831 [2008]). Petitioner is currently serving the unexpired term of his 2007 sentence, which is completely unrelated to his 2002 sentence. As such, petitioner would not be entitled to immediate release and, therefore, a writ of habeas corpus cannot be granted (see People ex rel. Vickery v Griffin, 125 AD3d 1018, 1019 [2015], lv denied 25 NY3d 908 [2015]; People ex rel. Justice v Racette, 111 AD3d 1041, 1042 [2013], lv denied 22 NY3d 861 [2014]).

Peters, P.J., Lahtinen, Rose and Lynch, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court