*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 17, 2016                    521105
_____

THE PEOPLE OF THE STATE OF
    NEW YORK ex rel. BRYANT
    JACKSON,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

PAUL CHAPPIUS, as Superintendent
    of Elmira Correctional
    Facility, et al.,
                    Respondents.
_____

Calendar Date:  January 19, 2016

Before:  Peters, P.J., Garry, Egan Jr. and Lynch, JJ.

                    _____

        Bryant Jackson, Elmira, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Martin A.
Hotvet of counsel), for respondents.

                    _____

        Appeal from a judgment of the Supreme Court (Hayden, J.),
entered April 14, 2015 in Chemung County, which denied
petitioner's application for a writ of habeas corpus, in a
proceeding pursuant to CPLR article 70, without a hearing.

        In 2007, following a trial on the severed first count of a
28-count indictment charging petitioner with robbery in the first
degree, petitioner was convicted of that charge and sentenced to
a prison term of 20 years to life.  The judgment of conviction
was affirmed on appeal (People v Jackson, 61 AD3d 620 [2009], lv
denied 13 NY3d 745 [2009]).  Thereafter, Supreme Court (Berkman,
J.), by order dated July 1, 2010, granted petitioner's motion
pursuant to CPL 30.30 to dismiss the indictment on speedy trial

grounds.  On July 13, 2010, the court issued an order clarifying the July 1, 2010 order, noting that the motion was granted to the extent of dismissing the indictment with respect to counts 2 through 28 and that the robbery conviction as charged in the first count of the indictment stands and the sentence imposed continued.

Petitioner then commenced this CPLR article 70 proceeding for habeas corpus relief, alleging that the initial order dated July 1, 2010 dismissed all counts of the indictment, including the first count, and that Supreme Court (Berkman, J.) was without jurisdiction to issue the July 13, 2010 order, which resentenced petitioner and amounted to double jeopardy.  Supreme Court (Hayden, J.) denied the writ without a hearing and this appeal ensued.

We affirm.  Supreme Court properly dismissed the petition, as habeas corpus relief is an inappropriate remedy because petitioner could have challenged the July 13, 2010 order on direct appeal (see People ex rel. Littlejohn v Griffin, 133 AD3d 996, 997 [2015]), and any speedy trial violation should have been raised on direct appeal from his judgment of conviction (see People ex rel. Koehl v Greene, 21 AD3d 1237, 1237-1238 [2005], lv denied 6 NY3d 702 [2005], cert denied 549 US 835 [2006]; People ex rel. Pittman v Yelich, 79 AD3d 1506, 1507 [2010]).  In any event, any CPL 30.30 speedy trial issue with regard to the first count of the indictment was moot following his conviction (see People ex rel. Chakwin v Warden, N.Y. City Correctional Facility, Rikers Is., 63 NY2d 120, 125 [1984]), and the July 13 order was issued merely to remedy a clerical error (see People v Gammon, 19 NY3d 893, 895 [2012]).

Peters, P.J., Garry, Egan Jr. and Lynch, JJ., concur.

ORDERED that the judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court