■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAEL MIDDLETON, Appellant. [60 NYS3d 401]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered November 24, 2014, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial, to be preceded by the assignment or retention of new counsel in accordance herewith.

The defendant was charged with murder in the second degree, manslaughter in the first degree, manslaughter in the second degree, and criminal possession of a weapon in the second degree in connection with the fatal shooting of an individual at a party on April 4, 2010, in Brooklyn. At the trial, the People's eyewitness denied that she had been at the party. The People immediately requested a *Sirois* hearing (*see People v Sirois*, 92 AD2d 618 [1983]) to show that the witness had been threatened into changing her testimony, and the Supreme Court granted the request for the hearing over defense counsel's objection.

At the *Sirois* hearing, the People's other witnesses testified that the witness never stated that she was threatened by anyone. The People submitted recorded phone calls between the defendant and the witness into evidence. These conversations contained no threats and no attempts to prevent the witness from testifying. The witness herself testified that she had not been threatened by anyone. She also testified that it was not her idea to move to a hotel for her own safety, but that she

did so at the insistence of the District Attorney's office. A police detective confirmed that the witness never requested to be moved to a hotel for her own safety.

The detective also testified that the witness was concerned because the father of her child was very good friends with the defendant, and that he would be upset if he found out she was testifying. An assistant district attorney testified that the witness was "extremely concerned for her safety." The witness spoke on the phone to the father of her child several days before the trial. Both the witness and the father of her child denied that her testimony was discussed during that phone call.

Another assistant district attorney testified that, the day before the trial began, the witness stated that she had decided not to testify, because "everyone on Facebook knew she was a snitch and that one of her best friends just stopped talking to her because she learned that she was a snitch on this case."

The Supreme Court ruled that the People could admit the witness's grand jury testimony into evidence. That testimony identified the defendant as the shooter at the party.

The jury acquitted the defendant of the several homicide charges, but convicted him of criminal possession of a weapon in the second degree and, thereafter, the Supreme Court imposed sentence. During sentencing, counsel for the defendant asked to be relieved, contending the existence of a conflict of interest because the defendant had filed a grievance against him. The court denied the application, without inquiry. The defendant appeals.

At the *Sirois* hearing, the People were required to "demonstrate by clear and convincing evidence that the defendant, by violence, threats or chicanery, caused a witness's unavailability" (*People v Cotto*, 92 NY2d 68, 75-76 [1998]; *see People v Geraci*, 85 NY2d 359, 366 [1995]). Here, although the People presented evidence that the witness was afraid to testify, they failed to meet their heavy burden of showing that her fear was caused by a threat made by the defendant (*see People v Dubarry*, 25 NY3d 161, 177-178 [2015]; *People v Steward*, 54 AD3d 880, 881-882 [2008]).

Under the circumstances of this case, this error cannot be considered harmless (*see People v Dubarry*, 25 NY3d at 177-178; *People v Steward*, 54 AD3d at 882). Thus, the judgment must be reversed, and the matter remitted to the Supreme Court, Kings County, for a new trial (*see People v Dubarry*, 25 NY3d at 178; *People v Steward*, 54 AD3d at 882).

The Supreme Court also should not have denied defense

counsel's request to be relieved without first having made at least some minimal inquiry in light of defense counsel's statement that the defendant had filed a grievance against him (*see People v Sides*, 75 NY2d 822, 825 [1990]; *People v Smith*, 25 AD3d 573, 575 [2006]). The failure to do so was error. Thus, upon remittal of the matter to the Supreme Court, the defendant should be assigned new counsel if otherwise appropriate or be given the opportunity to retain counsel prior to the new trial.

The defendant's remaining contentions either are without merit or need not be reached in light of our determination. Chambers, J.P., Miller, Duffy and Connolly, JJ., concur.