Appeal from a judgment of the Supreme Court (LaBuda, J.), entered August 11, 2016 in Sullivan County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 70, without a hearing.
 

 In 1997, petitioner was convicted of assault in the first degree (three counts), criminal possession of a dangerous weapon in the first degree and other crimes and was sentenced to, among other terras, consecutive prison terms of 12½ to 25 years for each assault and criminal possession of a dangerous weapon in the first degree conviction. On appeal, the convictions were affirmed, but the sentence was modified by ordering that the terms of imprisonment for the assault convictions all run concurrently with one another, rather than consecutively, and the remaining sentences were left undisturbed (People v D’Amico, 296 AD2d 579 [2002], lv denied 99 NY2d 534 [2002]). His petition for a writ of error coram nobis was thereafter rejected (People v D’Amico, 31 AD3d 782 [2006], lv denied 7 NY3d 924 [2006]). As a result, petitioner is currently serving an aggregate prison term of 20 to 40 years (see Penal Law § 70.30 [1] [e] [i], [iv]). Petitioner subsequently instituted a variety of unsuccessful postconviction proceedings challenging his convictions and sentences and seeking a writ of habeas corpus premised upon a claim of ineffective assistance of appellate counsel (D’Amico v Miller, 2012 WL 2188392, 2012 US Dist LEXIS 82989 [SD NY, June 14, 2012, No. 09-CV-4571 (CS) (GAY)]). Petitioner commenced this CPLR article 70 proceeding for a writ of habeas corpus premised upon the claim that his remaining consecutive prison sentences are unlawful and were illegally imposed based upon factual findings made in violation of Apprendi v New Jersey (530 US 466 [2000]). Supreme Court dismissed the petition, and petitioner now appeals.
 

 Supreme Court properly dismissed the petition, as “habeas corpus relief is not an appropriate remedy for resolving claims that could have been or that were raised on direct appeal or in a postconviction motion” (People ex rel. Latta v Martuscello, 140 AD3d 1421, 1421 [2016] [internal quotation marks and citation omitted], lv denied 28 NY3d 904 [2016]; see People ex rel. Jackson v Chappius, 137 AD3d 1447, 1448 [2016], lv denied 27 NY3d 907 [2016]). Petitioner’s contentions regarding his sentence were or could have been raised on his direct appeal and in his CPL article 440 motions to vacate the judgment and sentence (see People ex rel. Chaney v Dagostino, 140 AD3d 1481, 1481 [2016]).
 
 *
 
 In addition, even if petitioner’s claims were determined to have merit and his sentences were to run concurrently, he would not be entitled to immediate release from prison and, consequently, habeas relief is not appropriate (see People ex rel. Rodriguez v Miller, 150 AD3d 1500, 1500-1501 [2017]; People ex rel. Carter v Smith, 134 AD3d 1338, 1338 [2015], appeal dismissed 26 NY3d 1138 [2016]). To that end, it is the expiration of the maximum sentence, and not the conditional release date, that is required to establish entitlement to release in a habeas corpus proceeding, and petitioner has not yet reached the maximum expiration of his sentences even if they were concurrent (see People ex rel. Justice v Racette, 111 AD3d 1041, 1042 [2013], lv denied 22 NY3d 861 [2014]; People ex rel. D'Adamo v Artus, 61 AD3d 1263, 1263 [2009]; People ex rel. Richardson v West, 24 AD3d 996, 997 [2005]; People ex rel. Mabery v Leonardo, 177 AD2d 766, 767 [1991], lv denied 79 NY2d 753 [1992]).
 

 Peters, P.J., Garry, Lynch, Clark and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed, without costs.
 

 *
 

 Notably, Apprendi v New Jersey (supra) was decided in 2000, prior to petitioner’s direct appeal in 2002.