People v Soto (2019 NY Slip Op 01242)





People v Soto


2019 NY Slip Op 01242


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-02512
2017-02513

[*1]The People of the State of New York, respondent,
v
Nicholas Soto, appellant. (Ind. Nos. 713/15, 5884/16)


Paul Skip Laisure, New York, NY (Lauren E. Jones of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Amy Appelbaum of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Matthew J. D'Emic, J.), both rendered February 2, 2017, convicting him of attempted robbery in the third degree under Indictment No. 5884/16 and criminal possession of a firearm under Indictment No. 713/15, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant's purported waiver of his right to appeal was invalid, as the Supreme Court's limited colloquy did not ensure that the defendant understood the distinction between the right to appeal and the rights automatically forfeited upon entering a plea of guilty (see People v Bradshaw, 18 NY3d 257, 267; People v Dixon, 163 AD3d 988; People v Brown, 122 AD3d 133, 137). Moreover, the transcript of the plea proceeding demonstrates that the court did not ascertain on the record whether the defendant had discussed the waiver of appeal with defense counsel, or elicit an acknowledgment that the defendant was voluntarily waiving his right to appeal (see People v Dixon, 163 AD3d at 988; People v Santeramo, 153 AD3d 1286; People v Brown, 122 AD3d at 144-145). Thus, contrary to the People's contentions, the record reveals that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal. Therefore, the waiver does not preclude review on the merits of his contentions that the court improvidently exercised its discretion in denying him youthful offender treatment and that the sentence imposed was excessive (see People v Whidbee, 164 AD3d 623; cf. People v Pacherille, 25 NY3d 1021, 1024; People v Worrell, 157 AD3d 727).
Nevertheless, we agree with the Supreme Court's determination to deny the defendant youthful offender treatment (see People v Mullings, 83 AD3d 871; People v Ortega, 114 AD2d 912). Further, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., CHAMBERS, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court