People v Perdue (2022 NY Slip Op 01711)





People v Perdue


2022 NY Slip Op 01711


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, AND CURRAN, JJ.


1148 KA 18-00927

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS P. PERDUE, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered February 26, 2018. The judgment convicted defendant upon a jury verdict of assault in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of assault in the second degree (Penal Law § 120.05 [2]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). The conviction arises from an incident in which defendant, following an argument between the victim and another person, shot the victim in the right leg. Contrary to defendant's contention, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant further contends that Supreme Court erred in denying his pretrial request for substitution of counsel. We reject that contention. "Whether counsel is substituted is within the discretion and responsibility of the trial [court] . . . , and a court's duty to consider such a [request] is invoked only where a defendant makes a seemingly serious request[] . . . Therefore, it is incumbent upon a defendant to make specific factual allegations of serious complaints about counsel" in support of his or her request (People v Porto, 16 NY3d 93, 99-100 [2010] [internal quotation marks omitted]). Here, we conclude that defendant "failed to proffer specific allegations of a 'seemingly serious request' that would require the court to engage in a minimal inquiry" (id. at 100; see People v Lewicki, 118 AD3d 1328, 1329 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]). To the contrary, defendant made only conclusory assertions that "did not suggest a serious possibility of good cause for substitution" (People v Boswell, 117 AD3d 1493, 1494 [4th Dept 2014], lv denied 23 NY3d 1060 [2014] [internal quotation marks omitted]; see People v Stevenson, 36 AD3d 634, 635 [2d Dept 2007], lv denied 8 NY3d 927 [2007]).
With respect to defendant's contention that the court erred in permitting the prosecutor to present testimony on redirect examination of a police investigator concerning actions taken by the police to ascertain the shooter's identity, we conclude that the court properly determined that defense counsel opened the door to that testimony during cross-examination of the investigator (see People v Gonzales, 145 AD3d 1432, 1433 [4th Dept 2016], lv denied 29 NY3d 1079 [2017]). "Inasmuch as defendant's cross-examination of a witness may have created a misimpression, the People were entitled to correct that misimpression on redirect examination" (People v Paul, 171 AD3d 1467, 1469 [4th Dept 2019], lv denied 33 NY3d 1107 [2019], [*2]reconsideration denied 34 NY3d 953 [2019], cert denied — US &mdash, 140 S Ct 1151 [2020]; see People v Singh, 147 AD3d 787, 787 [2d Dept 2017], lv denied 29 NY3d 1037 [2017]).
Defendant next contends that the court erred in permitting a certain witness to identify him for the first time at trial. We reject that contention. Where, as here, "there has been no pretrial identification procedure [with respect to a witness] and the defendant is identified in court for the first time [by that witness], the defendant is not [thereby] deprived of a fair trial because [the defendant] is able to explore weaknesses and suggestiveness of the identification in front of the jury" (People v Madison, 8 AD3d 956, 957 [4th Dept 2004], lv denied 3 NY3d 709 [2004] [internal quotation marks omitted]; see People v Jackson, 94 AD3d 1559, 1560 [4th Dept 2012], lv denied 19 NY3d 1026 [2012]; People v Spirles, 275 AD2d 980, 981-982 [4th Dept 2000], lv denied 96 NY2d 807 [2001]).
Defendant failed to request a missing witness charge until after the close of proof, and therefore the court properly denied that request as untimely (see People v Hymes, 132 AD3d 1411, 1412 [4th Dept 2015], lv denied 26 NY3d 1146 [2016]; People v Garner, 52 AD3d 1329, 1330 [4th Dept 2008], lv denied 11 NY3d 788 [2008]).
The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions, and we conclude that they do not warrant modification or reversal of the judgment.
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court