People v Farrow (2023 NY Slip Op 02679)

People v Farrow

2023 NY Slip Op 02679

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2017-08440
 (Ind. No. 7080/15)

[*1]The People of the State of New York, respondent,
v
Justin Farrow, appellant.

Patricia Pazner, New York, NY (Yvonne Shivers of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Daniel Rosenblum of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah Dowling, J.), rendered July 5, 2017, convicting him of robbery in the first degree (four counts), assault in the second degree, criminal possession of stolen property in the fifth degree (three counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 21 years, to be followed by 5 years of postrelease supervision, on the conviction of robbery in the first degree under count 12 of the indictment, determinate terms of imprisonment of 15 years, to be followed by 5 years of postrelease supervision, on the remaining 3 convictions of robbery in the first degree, a determinate term of imprisonment of 10 years, to be followed by 5 years of postrelease supervision, on the conviction of criminal possession of a weapon in the second degree, a determinate term of imprisonment of 7 years, to be followed by 3 years of postrelease supervision, on the conviction of assault in the second degree, and definite terms of 1 year imprisonment on the convictions of criminal possession of stolen property in the fifth degree, with the sentences imposed on the convictions of robbery in the first degree, assault in the second degree, and criminal possession of stolen property in the fifth degree to run concurrently with each other and consecutively to the sentence imposed on the conviction of criminal possession of a weapon in the second degree.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of robbery in the first degree under count 12 of the indictment from a determinate term of imprisonment of 21 years, to be followed by 5 years of postrelease supervision, to a determinate term of imprisonment of 15 years, to be followed by 5 years of postrelease supervision; as so modified, the judgment is affirmed.
The defendant was convicted of, inter alia, four counts of robbery in the first degree as to four complainants, stemming from four separate incidents on different days in the vicinity of two subway stations in Brooklyn.
The defendant contends that the Supreme Court should have allowed defense counsel to refresh the recollection of one of the complaining witnesses with that witness's statement in a police report, and also should have allowed the police report into evidence. Contrary to the [*2]defendant's contention, the court properly refused to allow the defendant to refresh the recollection of this complaining witness because the witness did not indicate that she lacked memory on the subject (see People v Jackson, 61 AD3d 620; People v Henry, 297 AD2d 585). However, the court should have allowed the police report into evidence through the testimony of the detective who recorded this complainant's statements. The defendant alleges that the report contains the complainant's description of the alleged perpetrator's height and clothing, which was inconsistent with the complainant's testimony at trial. "A police report should be admitted into evidence where, as here, 'it indicates that the source of the information contained in it was the complaining witness,' and that information is inconsistent with the testimony of the complaining witness" (People v Mullings, 83 AD3d 871, 871, quoting People v Jackson, 40 AD2d 1006, 1007). Here, the police report was admissible "'for proof that the statement was made'" (People v Mullings, 83 AD3d at 872, quoting People v Maisonave, 140 AD2d 545, 547), and the statement itself would then have been admissible as a prior inconsistent statement (see People v Mullings, 83 AD3d at 872). Nevertheless, the exclusion of this evidence constituted harmless error, as there was overwhelming evidence of the defendant's guilt, and no reasonable possibility that the error contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 237; People v Ainsley, 132 AD3d 1007, 1008; People v Maisonave, 140 AD2d at 547).
Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in permitting one of the complainants to identify him for the first time at trial through the use of a single photograph, as the defendant knowingly and voluntarily absented himself from the courtroom during that complainant's testimony (see People v Brown, 28 NY3d 392, 409; People v Scarola, 71 NY2d 769, 779-780; see also People v Gonzalez, 61 AD3d 775, 776; People v Thompson, 306 AD2d 758, 760; People v Johnson, 262 AD2d 155, 155). "A criminal defendant does not have a constitutional right to participate in a lineup whenever he requests one" (People v Bradley, 154 AD2d 609, 610; see People v Brown, 28 NY3d at 409; People v Benjamin, 155 AD2d 375). "'In cases where there has been no pretrial identification procedure and the defendant is identified in court for the first time, the defendant is not deprived of a fair trial because [the defendant] is able to explore weaknesses and suggestiveness of the identification in front of the jury'" (People v Madison, 8 AD3d 956, 957, quoting People v Brazeau, 304 AD2d 254, 257 [internal quotation marks omitted]; see People v Perdue, 203 AD3d 1638, lv granted 38 NY3d 1073; People v Johnson, 197 AD3d 725, 727). Here, defense counsel had the opportunity to cross-examine the complainant in front of the jury as to the potential suggestiveness of her identification of the defendant and elicited that she saw a photograph of the alleged perpetrator in an article on the Internet.
Contrary to the defendant's further contention, the admission into evidence of the complainant's statement, elicited on redirect, that a friend told her about "an online article that had described [her] as the one woman who didn't comply," did not deprive him of a fair trial. This testimony was not offered for the truth of the matter asserted, but was properly admitted for the limited purpose of completing the narrative of how the complainant came to view the article with the photograph (see People v Martinez, 167 AD3d 941, 942; People v Reynolds, 46 AD3d 845, 846).
The defendant's contention, raised in his main brief and his pro se supplemental brief, that he was deprived of a fair trial by certain statements made by the prosecutor during summation is not preserved for appellate review because he failed to object to the prosecutor's statements (see CPL 470.05; People v Romero, 7 NY3d 911, 912; People v Gonzalez, 183 AD3d 663, 665). In any event, the challenged statements, for the most part, were an accurate statement of the law (see Penal Law §§ 10.00[13]; 120.05[2]; 160.15[4]; People v Goodman, 190 AD2d 862, 862-863), constituted fair comment on the evidence and the reasonable inferences to be drawn therefrom (see People v Lindsay, 213 AD3d 867; People v Gonzalez, 183 AD3d at 665), or were fair response to defense counsel's comments during summation (see People v O'Sullivan, 211 AD3d 751, 752), and any improper statements were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Flowers, 213 AD3d 692; People v Almonte, 23 AD3d 392, 394).
The defendant's contention, raised in his main brief and his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on [*3]the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's contention, raised in his pro se supplemental brief, that the evidence was legally insufficient to convict him of the four counts of robbery in the first degree and one count of assault in the second degree is unpreserved for appellate review, as defense counsel did not move for a trial order of dismissal on the basis of the specific claim now raised on appeal (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349; People v Bleakley, 69 NY2d 490, 495). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilty as to those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80, 85-86).
The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit.
CONNOLLY, J.P., MALTESE, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court