People v Gonzalez (2020 NY Slip Op 02675)





People v Gonzalez


2020 NY Slip Op 02675


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-06239
 (Ind. No. 2242/16)

[*1]The People of the State of New York, respondent,
v
Andrew A. Gonzalez, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Christopher J. Blira-Koessler of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard Butcher, J.), rendered May 10, 2018, convicting him of attempted burglary in the second degree, attempted escape in the second degree, and criminal trespass in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Daniel Lewis, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction of attempted escape in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant's contention that the Supreme Court should have granted that branch of his omnibus motion which was to suppress identification testimony as the fruit of an unlawful detention is without merit (see People v Parker, 32 NY3d 49, 56). Contrary to the defendant's contention, the police had a reasonable suspicion to stop and detain him (see id. at 56; People v De Bour, 40 NY2d 210). Further, contrary to the defendant's contention, the on-the-scene show-up identification by the complainant in close temporal and spacial proximity to the location of the crime scene was not unduly suggestive (see People v Baez, 175 AD3d 553).
The defendant's contention that the evidence was legally insufficient to support his conviction of attempted burglary in the second degree is unpreserved for appellate review (see CPL 470.50[2]; People v Hawkins, 11 NY3d 484; People v Hewitt, 82 AD3d 1119, 1121). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of attempted burglary in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Contrary to the defendant's contention, the fact that the jury acquitted [*2]him of burglary in the second degree does not undermine the weight of the evidence supporting the jury's verdict convicting him of attempted burglary in the second degree (see People v Choi, 137 AD3d 808, 809). An intermediate appellate court conducting a weight of the evidence review of a mixed jury verdict may take into account "the possibility that the jury has not necessarily acted irrationally, but instead has exercised mercy, and is not required to assume the basis for any implied inconsistencies in such mixed verdicts" (id. at 809 [citations and internal quotation marks omitted]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to attempted burglary in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the evidence was legally insufficient to support his conviction of attempted escape in the second degree is unpreserved for appellate review (see CPL 470.50[2]; People v Hawkins, 11 NY3d 484; People v Hewitt, 82 AD3d at 1121). Nonetheless, we reach the issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[3][c]). The defendant was charged with committing the offense of attempted escape in the second degree pursuant to Penal Law §§ 110.00 and 205.10(2). Penal Law § 205.10(2) provides that "[a] person is guilty of escape in the second degree when [h]aving been arrested for, charged with or convicted of a class C, class D or class E felony, he [or she] escapes from custody." As relevant here, custody is defined as "restraint by a public servant pursuant to an authorized arrest" (Penal Law § 205.00[2]). Here, the evidence was insufficient to support a finding that the defendant was under arrest at the time he allegedly attempted to open the door of the police car in which he was being detained. Accordingly, the defendant's conviction of attempted escape in the second degree must be vacated, and that count of the indictment must be dismissed.
The defendant's contention that his due process right to a fair trial was violated by alleged prosecutorial misconduct during summation is unpreserved for appellate review (see CPL 470.05[2]). The defendant either raised only generalized objections, failed to request curative instructions, or failed to request additional relief when the trial court sustained his objections or provided curative instructions, or timely move for a mistrial (see People v Morris, 157 AD3d 827; People v Grant, 152 AD3d 792; People v McMillan, 130 AD3d 651, affd 29 NY3d 145). In any event, "a prosecutor has broad latitude in responding to the defense counsel's summation" (People v Hogue, 166 AD3d 1009, 1011 [internal quotation marks omitted]). The comments at issue here were either fair response to arguments presented in summation by defense counsel, fair comment on the evidence and the reasonable inferences to be drawn therefrom (see People v Monteleone, 71 AD3d 790; People v Crawford, 54 AD3d 961), or harmless to the extent that they may have been improper (see People v Crimmins, 36 NY2d 230, 241-242).
The defendant's remaining contentions are unpreserved for appellate review (see CPL 470.05[2]), and, in any event, without merit.
MASTRO, J.P., DILLON, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court