People v Walker (2021 NY Slip Op 04038)





People v Walker


2021 NY Slip Op 04038


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2014-05288
 (Ind. No. 498/12)

[*1]The People of the State of New York, respondent,
v
Jerome Walker, appellant.


Paul Skip Laisure, New York, NY (Patricia Pazner of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and Seth M. Lieberman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered April 30, 2014, convicting him of murder in the second degree, tampering with physical evidence, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant, using a knife, fatally stabbed the victim 16 times while inside the victim's apartment. Following a jury trial, at which the defendant contended, with the support of an expert defense witness, that he lacked the requisite intent to kill the victim due to an alleged crack cocaine drug-induced psychosis, the defendant was convicted of murder in the second degree, tampering with physical evidence, and criminal possession of a weapon in the fourth degree. The defendant appeals.
The defendant's contention that the evidence was legally insufficient to establish his intent to kill the victim is unpreserved for appellate review, as his general motion to dismiss did not create a question of law for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Price, 174 AD3d 741). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The evidence presented at trial supported a finding that the defendant intended to kill the victim. Intent may be inferred from a defendant's conduct, as well as the circumstances surrounding the crime (see People v Bracey, 41 NY2d 296, 302; People v Melendez-Torres, 165 AD3d 840, 841; People v Spurgeon, 63 AD3d 863, 864). Here, the defendant's homicidal intent could be inferred from, among other things, the evidence of the number, location, and severity of the stab wounds he inflicted upon the victim (see People v Moore, 118 AD3d 916, 917; People v [*2]Hollman, 98 AD3d 584; People v Tigner, 51 AD3d 1045). Further, any conflict in the expert testimony presented by the defense and the prosecution on rebuttal regarding the defendant's claim that he could not have formed the requisite intent to kill the victim due to a purported crack cocaine drug-induced psychosis at the time of the stabbing created a credibility issue, and the jury's resolution of that issue is supported by the record (see People v Bourguignon, 177 AD3d 762, 763; People v Anonymous, 154 AD3d 586).
The defendant's contention that he was deprived of his right to a fair trial when the Supreme Court purportedly became an advocate for the People due to certain questions posed by the court to the defense expert is without merit. While the court, at times, took an active role in the questioning of the defense expert during cross-examination, its conduct, "measured both qualitatively and quantitatively," did not deprive the defendant of a fair trial (People v Yut Wai Tom, 53 NY2d 44, 55; see People v Ojeda, 118 AD3d 919; People v McCoy, 89 AD3d 1110, 1110).
The defendant was not deprived of the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court