People v Hughes (2021 NY Slip Op 06372)





People v Hughes


2021 NY Slip Op 06372


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2017-01549
 (Ind. No. 8527/14)

[*1]The People of the State of New York, respondent,
v
Chivona Hughes, appellant.


Patricia Pazner, New York, NY (Nao Terai of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Seth M. Lieberman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered January 11, 2017, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of murder in the second degree ( Penal Law § 125.25[1]) in connection with the killing of Richard Saunders, who was found stabbed to death with 87 sharp-force injuries to his body.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt, as the circumstantial evidence established a prima facie case as to her intent to kill the victim (see People v Alman, 181 AD3d 694; People v Torres, 177 AD3d 579, 581). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The defendant's homicidal intent could be inferred from, among other things, the evidence of the number, location, and severity of the stab wounds she inflicted upon the victim. Any conflict regarding her claim that she could not have formed the requisite intent to kill the victim due to her consumption of alcohol directly before the stabbing created a credibility issue, of which the jury's resolution is supported by the record (see People v Walker, 195 AD3d 954, 955; People v Bourguignon, 177 AD3d 762, 763).
The defendant's claim of prosecutorial misconduct on summation is unpreserved for appellate review, since the defendant failed to object to the allegedly improper comments and failed to request curative instructions or move for a mistrial on the grounds now argued on appeal (see CPL 470.05[2]; People v Gonzalez, 183 AD3d 663). In any event, the comments at issue were responsive to the defense summation, were "within the bounds of permissible rhetorical comment, and [*2]constituted fair comment on the evidence" (People v Moore, 29 AD3d 825, 826). Furthermore, as the challenged comments were not improper, defense counsel's failure to object to them did not constitute ineffective assistance of counsel (see People v Robinson, 160 AD3d 991, 992).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court