People v Smith (2022 NY Slip Op 02292)

People v Smith

2022 NY Slip Op 02292

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2020-07417
 (Ind. No. 43/19)

[*1]The People of the State of New York, respondent,
v
Rajpert Smith, appellant.

Jonathan Rosenberg, PLLC, Brooklyn, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Judith R. Sternberg and Madeline Collins of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Christopher G. Quinn, J.), rendered September 22, 2020, convicting him of endangering the welfare of a child and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Any conflict in the testimony of the witnesses at trial as to whether the defendant struck his son with a belt created a credibility issue, and the County Court's resolution of that issue is supported by the record (see People v Hughes, 199 AD3d 937, 938; People v Walker, 195 AD3d 954, 955).
BARROS, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court