People v York (2022 NY Slip Op 05867)

People v York

2022 NY Slip Op 05867

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-13171
 (Ind. No. 1429/18)

[*1]The People of the State of New York, respondent,
v
Edwin York, appellant.

Patricia Pazner, New York, NY (William Kastin of counsel; Wander Gonzalez and Abraham Hoffman on the brief), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Benjamin Costanza of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered October 25, 2019, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's claim of prosecutorial misconduct during summation is unpreserved for appellate review since the defendant failed to object to the allegedly improper comments or move for a mistrial on the grounds now argued on appeal (see CPL 470.05[2]; People v Hughes, 199 AD3d 937, 938; People v Gonzalez, 183 AD3d 663). In any event, the comments at issue were responsive to the defense summation, were within the bounds of permissible rhetorical comment and constituted fair comment on the evidence, or were not, either individually or collectively, so egregious as to have deprived the defendant of a fair trial (see People v Hughes, 199 AD3d at 938; People v Mahon, 188 AD3d 915; People v Abodalo, 178 AD3d 1067, 1068; People v Robinson, 160 AD3d 991, 992; People v Moore, 29 AD3d 825, 826). Defense counsel's failure to object to these comments did not constitute ineffective assistance of counsel (see People v Hughes, 199 AD3d at 938; People v Robinson, 160 AD3d at 992).
BARROS, J.P., ZAYAS, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court