People v DeCamp (2022 NY Slip Op 06494)

People v DeCamp

2022 NY Slip Op 06494

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-03955
 (Ind. No. 1061/18)

[*1]The People of the State of New York, respondent,
v
William DeCamp, appellant.

Patricia Pazner, New York, NY (Jenin Younes, David Greenberg, and White and Case, LLP [Suzanne Knijnenburg, and Douglas Jensen] of counsel; Samuel Seham on the brief), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Charles T. Pollak of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered March 8, 2019, convicting him of attempted burglary in the second degree and criminal trespass in the third degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 3 years to be followed by a period of postrelease supervision of 1½ years on the conviction of attempted burglary in the second degree, to run concurrently with a definite term of imprisonment of 90 days on the conviction of criminal trespass in the third degree
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of attempted burglary in the second degree from a determinate term of imprisonment of 3 years to be followed by a period of postrelease supervision of 1½ years to a determinate term of imprisonment of 2 years to be followed by a period of postrelease supervision of 1½ years; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50(5).
The defendant's contention that the evidence was legally insufficient to support his conviction of attempted burglary in the second degree is without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of attempted burglary in the second degree beyond a reasonable doubt (see People v Gonzalez, 183 AD3d 663, 664; People v Abreu, 177 AD3d 588, 589). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to attempted burglary in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court