People v Dillon H. (2024 NY Slip Op 03897)

People v Dillon H.

2024 NY Slip Op 03897

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2018-12409
2018-12410

[*1]The People of the State of New York, respondent,
v
Dillon H. (Anonymous), appellant. (Ind. Nos. 3377/17, 6181/17)

Patricia Pazner, New York, NY (Steven C. Kuza of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel; Darci Wen Siegel on the brief), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered September 25, 2018, adjudicating him a youthful offender, upon his plea of guilty to criminal possession of a firearm under Indictment No. 3377/17, and imposing sentence, and (2) a judgment of the same court rendered September 25, 2018, adjudicating him a youthful offender, upon his plea of guilty to criminal possession of a weapon in the second degree under Indictment No. 6181/17, and imposing sentence.
ORDERED that the judgments are modified, on the law and as a matter of discretion in the interest of justice, by vacating the imposition of mandatory surcharges and fees; as so modified, the judgments are affirmed.
"Criminal Procedural Law § 420.35(2-a) permits the waiver of surcharges and fees for individuals, like the defendant, who were less than 21 years old at the time of the subject crime" (People v Cabrera, 222 AD3d 878, 879). "This provision applies retroactively to cases, such as this one, that were pending on direct appeal on the effective date of the legislation" (People v Torres, 225 AD3d 632, 632).
Pursuant to the exercise of our interest of justice jurisdiction, and as consented to by the People, we modify the judgments by vacating the mandatory surcharges and fees imposed upon the defendant at sentencing (see CPL 420.35[2-a][c]; People v Jaaber, 223 AD3d 685, 685; People v Christopher D., 210 AD3d 905, 905).
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court