■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RODRIGUEZ, Appellant. — Appeal by defendant from five judgments of the Supreme Court, Kings County (Vetrano, J.), all rendered May 29, 1979, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), and attempted assault in the second degree, upon pleas of guilty, and imposing sentences. Four judgments (Indictment Nos. 3387/78, 3785/78, 3531/78 and 3671/78) affirmed. Judgment (Indictment No. 3505/78) modified, on the law, by reducing the sentence for attempted assault in the second degree to an indeterminate term of imprisonment with a maximum of four years. As so modified, judgment affirmed. As the District Attorney concedes, the defendant's sentence on the conviction of attempted assault in the second degree exceeded the highest permissible sentence for that crime (see Penal Law, § 70.00, subd 2, par [e]). There is no merit in defendant's other contentions. Lazer, J.P., Rabin, Gulotta and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMAS ROMAN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Tsoucalas, J.), rendered January 6, 1981, convicting him of attempted rape in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. Upon this record it has not been established that a promise was made by the court, at the time defendant's guilty plea was accepted, with respect to the length of the sentence to be imposed. Although the court noted that the prosecutor had recommended a lesser sentence, the record is manifestly clear that the court explained to the defendant at the plea taking that no promise concerning sentence was being made and specifically stated that the recommendation would be followed only "[i]f your probation report shows that you * * * deserve a break". Concerning the sentence imposed, this court will not interfere with the discretion of the sentencing court in the absence of extraordinary circumstances *(People v Notey,* 72 AD2d 279). We find no such circumstances in the present case, and, therefore, the sentence should not be disturbed. Defendant's remaining arguments have been considered and found to be without merit. Damiani, J.P., Titone, Lazer and Gibbons, JJ., concur.