■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMMAD KARIMZADA, Appellant. [851 NYS2d 624]—

Appeal by the defendant from a judgment of the Supreme

Court, Queens County (Aloise, J.), rendered July 27, 2005, convicting him of rape in the first degree, assault in the second degree, sexual abuse in the first degree (two counts), and unlawful imprisonment in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arises from an incident, occurring in 1994, in which he sexually assaulted the complainant. The defendant's trial defense was based upon his contention that the prosecution was barred by the statute of limitations. Contrary to the People's contention, since they affirmatively agreed, at the start of the proceedings before the Supreme Court, that the question of untimeliness was appropriately raised as an issue for trial, they cannot now dispute the propriety of its treatment as a trial issue (*see People v Chavis,* 91 NY2d 500, 506 [1998]). In reaching its verdict, the Supreme Court determined that the People had proven, beyond a reasonable doubt, that "the whereabouts of the defendant were continuously unknown and continuously unascertainable by the exercise of reasonable diligence" (CPL 30.10 [4] [a] [ii]) so as to toll the statute of limitations for a period sufficient to render the prosecution timely. Assuming that the People were required to sustain such a burden, we find that they proved, beyond a reasonable doubt, that the defendant's whereabouts were continuously unknown and continuously unascertainable by the exercise of reasonable diligence until the defendant's DNA profile from a rape kit was matched to a DNA profile in the CODIS databank (*see People v Seda,* 93 NY2d 307, 312 [1999]; *People v Maize,* 40 AD3d 884 [2007]; *People v Parilla,* 33 AD3d 363 [2006], *affd* 8 NY3d 654 [2007]; *People v Grogan,* 28 AD3d 579, 580-581 [2006]; *People v Lloyd,* 23 AD3d 296, 297 [2005]; CPL 30.10 [4] [a] [ii]).

Contrary to the defendant's contention, his sentence, which was to run consecutively to the sentence previously imposed upon the defendant's conviction in an unrelated case, was not excessive (*see People v Sorenson,* 225 AD2d 567 [1996]; *People v Edwards,* 159 AD2d 583, 585 [1990]; *People v Rivera,* 131 AD2d 892 [1987]; *see also People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review, and we decline to reach them in the exercise of our interest of justice jurisdiction. Mastro, J.P., Santucci, Balkin and Dickerson, JJ., concur.