■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE ROLLE, Appellant. [872 NYS2d 116]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered September 8, 2006, convicting defendant, after a jury trial, of rape in the first degree (three counts), sodomy in the first degree (two counts), burglary in the first degree and attempted robbery in the first and second degrees, and sentencing him, as a second felony offender, to an aggregate term of 50 years, unanimously affirmed.

The court properly denied defendant's motion to dismiss the indictment as time-barred. The parties' submissions were sufficient to decide the issue, and there was no factual dispute requiring an evidentiary hearing. The applicable five-year statute of limitations was tolled pursuant to CPL 30.10 (4) (a) (ii) because defendant's identity and whereabouts were unknown following the attack and were unascertainable by the exercise of reasonable diligence (*see People v Seda*, 93 NY2d 307 [1999]). The People met their initial burden of showing reasonable diligence, and defendant did not raise any factual issue to the contrary (*see People v Jones*, 299 AD2d 283 [2002], *lv denied* 99 NY2d 655 [2003]). After this June 1996 crime in which the victim was unable to identify anyone, law enforcement authori-

ties exhausted all reasonable investigative steps. Thus, the statute of limitations was clearly tolled until at least March of 2000, when the authorities acquired the ability to solve the crime by matching DNA. When this capability came into existence, that event cannot be viewed as immediately cutting off the toll, because the case at bar was one of about 18,000 similar "cold cases" awaiting DNA comparison. Under these circumstances, the record warrants the conclusion that the People acted with reasonable diligence in obtaining a DNA match (*see People v Lloyd*, 23 AD3d 296 [2005], *lv denied* 6 NY3d 755 [2005]). Thus, the five-year statute of limitations was tolled from the time of the crime until well past 2000. Accordingly, this August 2005 indictment was timely. Defendant's claim of unconstitutional preindictment delay is also without merit (*see United States v Lovasco*, 431 US 783 [1977]; *People v Singer*, 44 NY2d 241, 252-255 [1978]; *People v Taranovich*, 37 NY2d 442 [1975]).

We reject defendant's right to counsel arguments. Defendant knowingly, intelligently and voluntarily waived his right to counsel during trial after being fully warned by the court of the consequences of proceeding pro se. There is no merit to defendant's assertion that his midtrial decision to represent himself was coerced by his alleged inability to consult with counsel during the pendency of the case due to his pretrial incarceration in an upstate correctional facility. The record establishes that the court took sufficient action to alleviate the situation, and that it ensured that defendant had ample opportunity to consult with counsel prior to the suppression hearing, prior to jury selection, and prior to and throughout the trial. Moreover, the court made the appropriate searching inquiry to establish that defendant's decision to waive counsel was valid (*see People v Arroyo*, 98 NY2d 101 [2002]). Concur—Gonzalez, J.P., Buckley, Catterson, McGuire and Acosta, JJ.