THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY JOHNSON, Appellant. [886 NYS2d 375]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered June 27, 2006, convicting defendant, after a jury trial, of burglary in the first degree, robbery in the first degree (two counts), rape in the first degree (two counts), and sodomy in the first degree (three counts), and sentencing him to consecutive terms of 25 years on each count, unanimously affirmed.

The court properly denied defendant's motion to dismiss the action as time-barred. Defendant raises a statute of limitations claim that is indistinguishable from a claim this Court rejected in *People v Rolle* (59 AD3d 169 [2009], *lv denied* 12 NY3d 920 [2009]), and we decline to revisit our prior holding.

Defendant claims that his trial counsel rendered ineffective assistance by failing to present a statute of limitations defense to the jury after the court denied his pretrial motion to dismiss the indictment. This claim is unreviewable on direct appeal because it involves matters outside the record concerning counsel's strategy (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). We note that the record suggests legitimate reasons for not pursuing a statute of limitations defense, and that counsel's statements to the court do not, under the circumstances, render a postconviction motion unnecessary. On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Even were we to assume that defense counsel erred in determining that the particular statute of limitations issue in this case, i.e., a reasonable diligence issue, was a matter of law to be decided only by the court, defendant has not shown that his counsel's decision affected the outcome of the proceeding or caused him any prejudice.

Defendant is not entitled to any reduction in his sentence as a matter of law, and we perceive no basis for reducing the sentence as a matter of discretion. To the extent that defendant is challenging the constitutionality of the statutory sentencing scheme as it applies to his situation, such claim is unpreserved (*see People v Iannelli*, 69 NY2d 684 [1986], *cert denied* 482 US 914 [1987]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Richter, JJ.