▇ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN BRADBERRY, Appellant. [891 NYS2d 850]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [1]) and burglary in the second degree (§ 140.25 [2]). The victim alleged that in 1997 a man broke into her apartment, placed a pillowcase over her head while she was asleep, and demanded drugs. She further alleged that the perpetrator raped her when she told him that she had no drugs or money. The victim never saw the face of the perpetrator, nor did she recognize his voice. The police gathered evidence, including seminal material, but they had no eyewitnesses and were unable to identify the perpetrator. Using funding from a 2004 grant that enabled laboratories to process DNA evidence from unsolved crimes, the Niagara County crime laboratory forwarded the evidence in this case to the Erie County Public Safety Laboratory for DNA testing. A DNA profile of the perpetrator was obtained and submitted to the Combined DNA Index System (CODIS) for comparison, but no match was found at that time. Defendant was convicted of manslaughter in an unrelated case in 2005, however, and a DNA sample upon his conviction was submitted to CODIS (*see generally* Executive Law § 995-c). The DNA profile from the crimes in this case matched the sample of defendant's DNA that was submitted to CODIS, and defendant was then indicted for and convicted of the instant crimes.

Defendant waived his contention that the statute of limitations expired due to the delay between the commission of the crime and the commencement of the action (*see People v Mills*, 1 NY3d 269, 274 [2003]; *People v Blake*, 121 App Div 613 [1907], *affd* 193 NY 616 [1908]; *People v Austin*, 63 App Div 382 [1901], *affd* 170 NY 585 [1902]). In any event, we conclude that defendant's contention lacks merit. The delay was attributable

to the lack of a DNA sample from defendant to compare with the DNA sample found at the rape and burglary scene, and the People did not obtain DNA material from defendant until after his sentencing on the 2005 manslaughter conviction. Consequently, defendant's identity was unknown until that time, and the limitations period was therefore tolled pursuant to CPL 30.10 (4) (a) for five of the years between the commission of the crime and the discovery of defendant's identity (*see People v Seda*, 93 NY2d 307, 311 [1999]). That statute applies to the facts in this case, when the police "have not identified the perpetrator at all and thus cannot determine where he or she is" (*id.*). When that five-year period is added to the five-year limitations period in effect in 1997 with respect to the instant felony charges (*see* CPL 30.10 [2] [former (b)]), the prosecution was timely. Defendant's further contention that County Court erred in deciding the statute of limitations issue without first conducting a hearing is without merit. Where, as here, the evidence before the court is sufficient to establish that the statute of limitations is tolled, there is no need for a hearing on the issue (*see People v Rolle*, 59 AD3d 169 [2009], *lv denied* 12 NY3d 920 [2009]).

Defendant also failed to preserve for our review his further contention that he was denied due process, i.e., his constitutional right to a speedy trial, by the delay in commencing the prosecution (*see People v Denis*, 276 AD2d 237, 246-247 [2000], *lv denied* 96 NY2d 782, 861 [2001]; *see generally People v Charache*, 32 AD3d 1345 [2006], *affd* 9 NY3d 829 [2007]; *People v Malave*, 52 AD3d 1313, 1315 [2008], *lv denied* 11 NY3d 790 [2008]). In any event, that contention also is without merit. In determining whether defendant's constitutional right to a speedy trial was violated by an undue delay in commencing a prosecution, a court must evaluate "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (*People v Taranovich*, 37 NY2d 442, 445 [1975]). Here, although there is no question that there was a lengthy delay, we note that the reason for the delay was that the crimes were committed before the institution of CODIS and the police did not have a sample of defendant's DNA to which evidence from the crime could be compared until defendant was convicted of the subsequent crime of manslaughter, resulting in the entry of his DNA profile in CODIS. Furthermore, the instant charges can only be described as serious; defendant was not incarcerated on the instant charges prior to his indictment; and defendant failed

to establish that his defense was impaired by the delay in prosecution (*see id.*).

We reject the contention of defendant that he was denied effective assistance of counsel based upon counsel's failure to move to dismiss the indictment on the grounds that the statute of limitations had expired or that his right to due process, i.e., his constitutional right to a speedy trial, was violated by the delay in commencing the prosecution. "There can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Stultz*, 2 NY3d 277, 287 [2004], *rearg denied* 3 NY3d 702 [2004]) and, as previously discussed, there was no statute of limitations or due process violation.

Contrary to defendant's further contentions, the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]) and, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Defendant failed to preserve for our review his remaining contention concerning the court's consideration of a pretrial delay issue in the absence of a motion to dismiss (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Smith, J.P., Peradotto, Green, Pine and Gorski, JJ.