■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX JACKSON, Also Known as LARRY JOHNSON, Appellant. [893 NYS2d 286]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered May 31, 2007, convicting him of rape in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On April 1, 1996, the complainant was working at a beauty salon in Queens when she was raped at gunpoint by a stranger, who also stole money from her and the salon register. A sexual assault kit was prepared at that time utilizing semen recovered from the complainant. In November 2005 the DNA sample from the sexual assault kit was found to match a known DNA sample from the defendant, which had been obtained and entered into the statewide DNA index system database as a result of the defendant's conviction of an unrelated crime. On March 2, 2006, nearly 10 years after the commission of the crimes, the defendant was indicted on charges of rape, burglary, and robbery. After a jury trial, the defendant was convicted of the crimes of rape in the first degree and robbery in the first degree. On appeal, the defendant contends that he was deprived of the effective assistance of counsel based upon trial counsel's failure to move to dismiss the entire indictment as barred by the applicable statute of limitations.

A prosecution for any felony, other than a class A felony, "must be commenced within five years after the commission thereof" (CPL 30.10 [2] [b]). However, this five-year period may be extended up to an additional five years when "the whereabouts of the defendant were continuously unknown and continuously unascertainable by the exercise of reasonable diligence" (CPL 30.10 [4] [a] [ii]). In other words, under certain circumstances, the statute of limitations for commencing the prosecution of a non-class A felony may be 10 years, but no more.

Under the facts and circumstances of this case, the time permitted for the People to file an indictment for the 1996 incident was clearly extended by five years and did not expire until April 1, 2006 (see CPL 30.10; *People v Ramos*, 13 NY3d 881 [2009]; *People v Rolle*, 59 AD3d 169 [2009]; *People v Brown*, 50 AD3d 1154, 1155 [2008], *affd* 13 NY3d 332 [2009]; *People v Karimzada*, 48 AD3d 482, 483 [2008]). Accordingly, since the prosecution was commenced prior to April 1, 2006, and since "[a] defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287 [2004]; *see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Taylor*, 60 AD3d 708 [2009]; *People v Hamm*, 57 AD3d 919, 920 [2008]), there is no merit to the defendant's claim of ineffective assistance of counsel based on the fact that trial counsel did not move to dismiss the indictment as time-barred (*see People v Rolle*, 59 AD3d 169 [2009]; *People v Lloyd*, 23 AD3d 296 [2005]; *see also People v Karimzada*, 48 AD3d at 483).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]; *People v Roman*, 84 AD2d 851 [1981]), nor was it an improvident exercise of the sentencing court's discretion to direct that the terms of incarceration imposed upon the defendant's convictions of rape in the first degree and robbery in the first degree run consecutively to each other. Skelos, J.P., Santucci, Belen and Hall, JJ., concur.