People v Thomas (2021 NY Slip Op 07015)





People v Thomas


2021 NY Slip Op 07015


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-14669
 (Ind. No. 5650/11)

[*1]The People of the State of New York, respondent,
v
Roger Thomas, appellant.


Patricia Pazner, New York, NY (Jenin Younes and Mark W. Vorkink of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and Seth M. Lieberman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered November 7, 2018, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
This appeal arises from the shooting death of the victim in June 2011. On a prior appeal, the defendant's conviction of murder in the second degree in connection with the shooting was reversed, and a new trial was ordered (see People v Thomas, 143 AD3d 923). At the defendant's retrial, the Supreme Court charged the jury with manslaughter in the first degree, as a lesser included offense of murder in the second degree, over the defendant's objection that no reasonable view of the evidence would support a manslaughter charge. The jury convicted the defendant of manslaughter in the first degree. The defendant appeals from the judgment rendered upon the verdict.
The defendant failed to demonstrate that he was deprived of the effective assistance of counsel based on his attorney's failure to raise a statute of limitations challenge to the charge of manslaughter in the first degree. Trial counsel cannot be deemed ineffective for failing to make an objection or motion that would have little chance of success (see People v Caban, 5 NY3d 143, 152; People v Jackson, 70 AD3d 719, 720). Contrary to the defendant's contention, the manslaughter prosecution was not time-barred. The original accusatory instrument charging him with murder in the second degree was filed in 2011, while the lesser included offense of manslaughter in the first degree remained timely (cf. People v Turner, 5 NY3d 476, 478, 482; People v Hughes, 220 AD2d 529, 531-532; People v Di Pasquale, 161 AD 196, 197-198; see also William C. Donnino, Practice Commentaries, McKinney's Cons Laws of NY, CPL 300.40).
The Supreme Court properly charged manslaughter in the first degree as a lesser included offense of murder in the second degree since there was a reasonable view of the evidence that the defendant intended to cause serious physical injury as opposed to death (see CPL 300.50[1]; People v Butler, 57 NY2d 664; People v Tavarez, 70 AD3d 732; People v Stevens, 186 AD2d 832).
The defendant's contention that the prosecutor's summation remarks were improper is partially unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Wisdom, 164 AD3d 928, 931; People v Tomlinson, 67 AD3d 826). In any event, many of the challenged remarks were fair comment on the evidence, and responsive to defense counsel's summation (see People v Thompson, 181 AD3d 833, 835). To the extent that some of the prosecutor's remarks were improper, any prejudicial effect was ameliorated by the Supreme Court's instructions to the jury (see People v Chizor, 190 AD3d 763), and those remarks were not so flagrant or pervasive as to deprive the defendant of a fair trial (see People v Thompson, 181 AD3d at 835; People v Wilson, 163 AD3d 881, 882; People v Perdomo, 154 AD3d 886, 886).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court