People v Dudley (2022 NY Slip Op 02014)





People v Dudley


2022 NY Slip Op 02014


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-12381
 (Ind. No. 2/17)

[*1]The People of the State of New York, respondent,
v
Devarl M. Dudley, appellant.


Gary E. Eisenberg, New City, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered October 16, 2017, convicting him of assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the County Court providently exercised its discretion in permitting the People to elicit evidence of his prior bad acts (see People v Molineux, 168 NY 264). Here, evidence that the defendant was selling drugs during and before the underlying incident completed the narrative of events, provided necessary background information, and was admissible to establish defendant's motive to commit the crimes of which he was convicted (see People v Morales, 189 AD3d 1464, 1467; People v Helenese, 75 AD3d 653, 654). Additionally, the court gave the jury appropriate limiting instructions, to which defense counsel did not object, as to the limited purpose for which that evidence was received (see People v Morales, 189 AD3d at 1467; People v Bittrolff, 165 AD3d 690, 691).
The County Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) was a provident exercise of discretion, as it constituted an appropriate compromise which properly balanced the probative value of the proffered evidence against the prejudice to the defendant (see People v Bragg, 161 AD3d 998; People v Walker, 141 AD3d 678, 678).
The defendant's contention that New York's persistent felony offender scheme is unconstitutional is unpreserved for appellate review since it was not raised at the sentencing proceeding (see CPL 470.05[2]; People v Rosen, 96 NY2d 329, 335; People v Locenitt, 157 AD3d 905, 907-908). In any event, the contention is without merit (see People v Prindle, 29 NY3d 463, 465-466; People v Quinones, 12 NY3d 116, 119).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court