People v O'Sullivan (2022 NY Slip Op 06944)

People v O'Sullivan

2022 NY Slip Op 06944

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2019-02956
 (Ind. No. 162/17)

[*1]The People of the State of New York, respondent,
v
Elizabeth O'Sullivan, appellant.

Twyla Carter, New York, NY (Lorca Morello of counsel), for appellant, and appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Sharon Brodt of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Peter F. Vallone, Jr., J.), rendered February 8, 2019, convicting her of sex trafficking (three counts), promoting prostitution in the second degree, and promoting prostitution in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Following a jury trial, the defendant was convicted of sex trafficking (three counts) under Penal Law § 230.34(4), (5)(a), and (5)(c), promoting prostitution in the second degree, and promoting prostitution in the third degree.
The defendant's challenge to the legal sufficiency of the evidence supporting her convictions is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the prosecutor's summation remarks were improper is partially unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Thomas, 200 AD3d 912, 914). In any event, the challenged comments were fair comment on the evidence and the reasonable inferences to be drawn therefrom or responsive to defense counsel's summation, or otherwise did not deprive the defendant of a fair trial (see People v Kattau, 192 AD3d 910, 913).
Contrary to the defendant's contention, the verdict sheet, which included statutory language to distinguish the counts of sex trafficking from each other, was proper (see CPL [*2]310.20[2]; People v O'Kane, 30 NY3d 669, 672).
Further, the defendant received meaningful representation from her trial counsel (see People v Gross, 26 NY3d 689, 693; People v Benevento, 91 NY2d 708, 712). The defendant's contention that defense counsel's failure to challenge the execution of a search warrant demonstrated counsel's ineffectiveness is without merit, as such a challenge would have had little or no chance of success (see People v Gainer, 207 AD3d 745, 747; People v Blue, 202 AD3d 546, 547; People v Ruffin, 178 AD3d 455, 456).
The defendant's contention that certain counts of the indictment were multiplicitous is unpreserved for appellate review, and, under the circumstances of this case, we decline to review it in the exercise of our interest of justice jurisdiction (see People v Denton, 187 AD3d 933; People v Maitland, 159 AD3d 524; People v Cassidy, 133 AD2d 374).
To the extent the People presented the testimony of an expert on human trafficking that the complainant exhibited signs of being a victim of human trafficking, the admission of such testimony was error (see People v Graham, 251 AD2d 426, 427). Nevertheless, this error was harmless in light of the overwhelming evidence of the defendant's guilt, and since there was no significant probability that, but for the admission of the improper portion of the expert's testimony, the defendant would have been acquitted (see People v Crimmins, 36 NY2d 230, 241-242; People v Shane, 187 AD3d 1219, 1220).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, including those raised in her pro se supplemental brief, are without merit.
CHAMBERS, J.P., WOOTEN, WAN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court