People v Lindsay (2023 NY Slip Op 00883)

People v Lindsay

2023 NY Slip Op 00883

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2017-13491
 (Ind. No. 2399/15)

[*1]The People of the State of New York, respondent,
v
Russhawn Lindsay, appellant.

Patricia Pazner, New York, NY (Melissa S. Horlick of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Christopher Blira-Koessler of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Aloise, J.), rendered December 7, 2017, convicting him of murder in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven Paynter, J.), of the defendant's motion to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court improperly denied suppression of his statements to law enforcement officials made after the administration of Miranda warnings (see Miranda v Arizona, 384 US 436) is without merit. The defendant initiated a conversation with detectives after invoking his right to remain silent approximately 14 hours earlier (see People v White, 10 NY3d 286, 291-292; People v James, 200 AD3d 711). Contrary to the defendant's contention, certain statements made by a detective while the defendant was being held in an interrogation room did not vitiate the effectiveness of the Miranda warnings, which were administered approximately 20 minutes later, before any interrogation commenced (see People v Humphrey, 176 AD3d 1101, 1102; cf. People v Rutledge, 25 NY3d 1082).
The defendant's contention that the prosecutor violated the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) is unpreserved for appellate review and, in any event, without merit (see People v Williams, 64 AD3d 800).
The defendant's contention that the prosecutor's summation remarks were improper is unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Gonzalez, 183 AD3d 663). In any event, the challenged comments were fair comment on the evidence and the reasonable inferences to be drawn therefrom, or otherwise did not deprive the defendant of a fair trial (see People v O'Sullivan, __ AD3d __, __, 2022 NY Slip Op 06944, *1 [2d Dept]; People v Hawley, 112 AD3d 968, 969).
The defendant also failed to preserve his contention that testimony from the [*2]decedent's sister was elicited by the People solely to appeal to the passion and sympathy of the jury (see CPL 470.05[2]; People v Harris, 98 NY2d 452, 490-491). In any event, we cannot hold that this testimony was either immaterial or irrelevant to the People's case (see People v Harris, 8 AD3d 402; cf. People v Holiday, 142 AD3d 625, 626).
Finally, the defendant's contention that the Supreme Court improperly sentenced him by utilizing a presentence report which did not include an interview with the defendant is unpreserved for appellate review, as he did not raise this claim at sentencing (see CPL 470.05[2]; People v Ousmane, 183 AD3d 762, 763; People v Marin, 157 AD2d 804, 805). In any event, this contention is without merit. The defendant cannot be heard to complain about the absence of a complete presentence report inasmuch as he was afforded an opportunity to speak at sentencing (see People v Ousmane, 183 AD3d at 763; People v Greene, 209 AD2d 541, 542).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
IANNACCI, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court