People v Cooper (2024 NY Slip Op 01021)

People v Cooper

2024 NY Slip Op 01021

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-05152
 (Ind. No. 329/21)

[*1]The People of the State of New York, respondent,
v
Sheldon Cooper, appellant.

Alex Smith, Middletown, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Hyun Chin Kim, J.), rendered June 21, 2022, convicting him of criminal possession of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the fourth degree, and criminally using drug paraphernalia in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 645-646).
The defendant's contention regarding the County Court's Molineux ruling (see People v Molineux, 168 NY 264) is partially unpreserved for appellate review (see CPL 470.05[2]; People v Torres, 96 AD3d 881, 881). In any event, the defendant's contention is without merit (see People v Dorm, 12 NY3d 16, 19; People v Bonich, 208 AD3d 679, 680).
Contrary to the defendant's assertion, the County Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) was a provident exercise of discretion, as it constituted an appropriate compromise which properly balanced the probative value of the proffered evidence against the prejudice to the defendant (see People v Wynn, 208 AD3d 693, 694; People v Dudley, 203 AD3d 1066, 1067).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are partially unpreserved for appellate review and, in any event, without merit.
BARROS, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court