People v Gilliam (2024 NY Slip Op 03763)

People v Gilliam

2024 NY Slip Op 03763

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-04121
 (Ind. No. 2543/16)

[*1]The People of the State of New York, respondent,
v
Qwantrell J. Gilliam, appellant.

Patricia Pazner, New York, NY (Cynthia Colt and Sam Feldman of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Jonathan E. Maseng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered April 3, 2019, convicting him of murder in the second degree, tampering with physical evidence, and criminal possession of the weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court did not improvidently exercise its discretion in permitting the People to elicit evidence of prior incidents of domestic violence between the defendant and the victim (see People v Frankline, 27 NY3d 1113, 1115; People v Molineux, 168 NY 264). The evidence had "substantial probative value" and was directly relevant to the nonpropensity issues of motive, intent, and relevant background information to enable the jury to understand the defendant's relationship with the victim (People v Cass, 18 NY3d 553, 560; see People v Dorm, 12 NY3d 16, 19; People v Delacruz, 207 AD3d 652, 654). Moreover, the probative value of the evidence outweighed the risk of prejudice to the defendant, particularly considering the court's limiting instruction to the jury, which served to alleviate any prejudice resulting from the admission of the evidence (see People v Braswell, 181 AD3d 818, 819; People v Beer, 146 AD3d 895, 896-897).
Contrary to the defendant's contention, the victim's statement that the defendant had "just" banged her head against the wall was properly admitted under the excited utterance exception to the hearsay rule since the record demonstrates that the victim made the statement while she was "still under the stress of excitement" and lacked the reflective capacity essential for fabrication (People v Hernandez, 28 NY3d 1056, 1057; see People v Ortiz, 198 AD3d 924, 927). Further, the victim's statement to her friend that the defendant had "just" broken her cell phone was properly admitted under the present sense impression exception to the hearsay rule (see People v Brown, 80 NY2d 729, 732-733; People v Porter, 210 AD3d 1012, 1014).
The defendant's specific contentions regarding the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) are largely unpreserved for appellate review (see CPL 470.05[2]; People v Wynn, 208 AD3d 693, 694). In any event, the court's Sandoval ruling was a [*2]provident exercise of discretion, as it constituted an appropriate compromise which balanced the probative value of the proffered evidence against the prejudice to the defendant (see People v Hayes, 97 NY2d 203, 208; People v Dudley, 203 AD3d 1066, 1067; People v Ragland, 136 AD3d 845, 845).
The defendant waived his contention that the Supreme Court deprived him of his remaining peremptory challenges to select the regular jurors when he expressly consented to the parties selecting alternate jurors to replace two jurors who were discharged after the trial jury was sworn, but prior to alternate jury selection (see People v Faulk, 185 AD3d 953, 956; People v Driver, 154 AD3d 958, 959). Contrary to the defendant's contention, the replacement of discharged jurors did not constitute a mode of proceedings error (see People v Agramonte, 87 NY2d 765, 770; People v Faulk, 185 AD3d at 956).
The defendant's contentions regarding certain remarks and commentary made by the prosecutor during trial are largely unpreserved for appellate review and, in any event, without merit (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Thomas, 200 AD3d 912, 914). To the extent that the prosecutor's remarks were improper, they were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Komynar, 210 AD3d 698, 700; People v Kattau, 192 AD3d 910, 913).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
IANNACCI, J.P., WOOTEN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court