People v Baxter

2026 NY Slip Op 02516

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

BRIAN BAXTER, JR., DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

140 KA 18-01412

Present: Whalen, P.J., Lindley, Curran, Smith, And Delconte, JJ.

TODD G. MONAHAN, LITTLE FALLS, FOR DEFENDANT-APPELLANT.

BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered January 27, 2016. The judgment convicted defendant upon a jury verdict of murder in the second degree.

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]).

We reject defendant's contention that the verdict is against the weight of the evidence. An eyewitness identified defendant as the shooter, and a person matching defendant's description was seen on video surveillance riding a bike to and from the scene of the shooting between 5:30 a.m. and 6:30 a.m.—i.e., right before and after the shooting—on a route that matched the likely route to and from defendant's residence. Moreover, around the time of the shooting, another witness observed defendant riding his bicycle in the area of the shooting, and that witness's description of defendant's clothing matched the description of the shooter's clothing given by witnesses to the shooting. Similarly, the witnesses' description of the physical appearance and clothing of the shooter matched the description and clothing of defendant given by those who observed him on his bicycle. In addition, the evidence at trial established that defendant had issues with the victim regarding a defective gun that the victim allegedly sold to defendant within weeks of the shooting. Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although an acquittal would not have been unreasonable (see Danielson, 9 NY3d at 348-349; Bleakley, 69 NY2d at 495), we conclude, based on the weight of the credible evidence, that "the jury was justified in finding the defendant guilty beyond a reasonable doubt" (Danielson, 9 NY3d at 348).

Defendant further contends that evidentiary errors at trial warrant reversal. We reject that contention. Generally, "all relevant evidence is admissible unless its admission violates some exclusionary rule" (People v Scarola, 71 NY2d 769, 777 [1988]). Nevertheless, evidence "may still be excluded by the trial court in the exercise of its discretion if its probative value is substantially outweighed by the danger that it will unfairly prejudice the other side or mislead the jury" (id.). Here, Supreme Court did not err in admitting in evidence photographs of the homicide victim inasmuch as that evidence was not admitted for the sole purpose of arousing emotions in the jury (see People v Pobliner, 32 NY2d 356, 369 [1973], rearg denied 33 NY2d 657 [1973], cert denied 416 US 905 [1974]; see also People v Brooks, 214 AD3d 1425, 1426-1427 [4th Dept 2023], lv denied 39 NY3d 1153 [2023]). Nor did the court err in admitting in evidence defendant's booking photograph, which depicted him sticking out his tongue. Defendant's appearance at the time of his arrest was relevant to the jury's determination of whether he was the person depicted in a surveillance video of the alleged shooter (see People v [*2]Jones, 228 AD3d 1359, 1361 [4th Dept 2024], lv denied 42 NY3d 1053 [2024]). Although the photograph shows defendant sticking out his tongue, we cannot say that the probative value of the evidence was outweighed by any potential unfair prejudice.

Defendant failed to preserve for our review his contention that the admission in evidence of a medical witness's "gruesome and gratuitous" testimony regarding the victim's death was improper given that the defense was not challenging the manner of death (see People v Lee, 214 AD3d 457, 458 [1st Dept 2023], lv denied 40 NY3d 929 [2023]; see generally CPL 470.05 [2]). He likewise failed to preserve for our review his contention that minor witnesses should have been precluded from testifying inasmuch as their testimony was offered solely to garner sympathy from the jury (see People v Lindsay, 213 AD3d 867, 868 [2d Dept 2023], lv denied 40 NY3d 929 [2023]; see generally CPL 470.05 [2]). Although defendant contends that testimony from one witness about defendant's flight from the scene should have been stricken and a curative instruction given, he requested no such relief from the court and, as a result, he failed to preserve that contention for our review (see People v Kaufman, 288 AD2d 895, 896 [4th Dept 2001], lv denied 97 NY2d 684 [2001]; see generally CPL 470.05 [2]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

Defendant further contends that he was denied effective assistance of counsel based on defense counsel's failure to file an alibi notice, his handling of video surveillance evidence, his failure to appropriately challenge the prosecution's use of child witnesses, his failure to request a curative instruction regarding a particular statement of a witness, and his failure to make a sufficient motion for a trial order of dismissal. We reject that contention.

"To prevail on a claim of ineffective assistance, defendants must demonstrate that they were deprived of a fair trial by less than meaningful representation; a simple disagreement with strategies, tactics or the scope of possible cross-examination, weighed long after the trial, does not suffice" (People v Flores, 84 NY2d 184, 187 [1994]). It is defendant's burden " 'to demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998], quoting People v Rivera, 71 NY2d 705, 709 [1988]). Absent such a showing, it is presumed that counsel acted competently (see Rivera, 71 NY2d at 709; People v Harvey, 170 AD3d 1675, 1676-1677 [4th Dept 2019], lv denied 33 NY3d 1031 [2019]). Here, defendant failed to meet his burden. Moreover, we conclude that the evidence, the law, and the circumstances of this case, when "viewed in totality and as of the time of the representation," establish that defendant received meaningful representation (People v Baldi, 54 NY2d 137, 147 [1981]).

Finally, the sentence is not unduly harsh or severe.

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court